## Case No. 15,726a.

UNITED STATES ex rel. HERBERT v. MARSHAL OF THE DISTRICT OF COLUMBIA.

[2 Hayw. & H. 205.] [1]

Criminal Court, District of Columbia. May 12, 1856.

BAIL—WHEN ALLOWED—HABEAS CORPUS.

On testimony given in court on the return of a writ of habeas corpus, if it is clear to the mind of the judge that a conviction for murder should not take place, he will order the prisoner to give bail for his appearance.

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

United States on the relation of Philemon T. Herbert against the marshal of the District of Columbia.

CRAWFORD, Judge. The testimony adduced at the hearing on the writ of habeas corpus, directed to the marshal of the District of Columbia to bring the body of Philemon T. Herbert before me on Saturday last, has been the subject, in connection with the law arising thereon, of as full consideration as the intervening time would allow. I was strongly impressed by the evidence as it was detailed, and the reflection of which I have sought aid, instead of changing that impression, has strengthened the conviction entertained when the evidence was closed. I abstain from giving the reasons for the conviction arrived at. Why, must be obvious. In any view which a jury may take of the evidence under proper instructions from the court as to the law, it is quite clear to my mind that a conviction for murder should not take place. If the evidence had left room for debate whether the prisoner was guilty of murder or manslaughter, or was entitled to an acquittal, although the ground for such a debate might have been slight, I should have remanded him to prison. In relation to the two last branches of inquiry just stated, viz.: whether a charge of manslaughter can be maintained or the defendant be discharged, there is contradictory testimony; and it is not for the court but the jury to say what part of the testimony they will credit, and to what the weight of evidence which may be adduced on a trial shall point. When a matter of fact is involved, the court should bail or remand; to discharge would be for the court to try and decide the truth of the fact for which a person may be convicted, instead of the jury. Petersd. Bailm. 522, 523; 10 Law Lib. 294, &c. The order of the court is that the prisoner enter into recognizance with one or more good surety or sureties in the sum of $10,000, conditioned for his appearance at the next term of the criminal court of the District of Columbia, to be holden on the third Monday of June next, to answer to the charge of manslaughter of Thomas Keating, and not to depart the jurisdiction of the court without the leave thereof; and on his failure to do so, that he be remanded to the jail of Washington county, in the District of Columbia.